IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CARLOS VELASQUEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT BALDOCK, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-00133-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Carlos Velasquez's ("Mr. Velasquez") "Emergency Motion [for] Reassignment of the Magistrate,"[2] in which he seeks to disqualify the undersigned. Based upon the analysis set forth below, the undersigned denies Mr. Velasquez's motion.

## BACKGROUND

Mr. Velasquez filed his complaint in this action on February 25, 2022,[3] which names as defendants numerous judges in both this court and the United States Court of Appeals for the

---

[1] ECF No. 7.

[2] ECF No. 32.

[3] ECF No. 1.

Tenth Circuit.[4] Mr. Velasquez generally alleges that those judges committed legal errors in the decisions rendered in two prior actions Mr. Velasquez filed in this court.[5]

On March 14, 2022, Mr. Velasquez filed a "Motion for Emergency Relief Setting Aside a Judgment for Fraud on the Court."[6] The following day, he filed a "Motion for Open Hearing, Hearing Ex Parte on Request to Submit the Motion."[7] The undersigned issued an order on March 25, 2022, striking Mr. Velasquez's first motion and denying his second motion.[8]

Later the same day, Mr. Velasquez filed a "Motion to Amend Certificate of Service"[9] and a "Motion for Relief on Order Striking an Emergency Motion."[10] On March 31, 2022, Mr. Velasquez filed a "Motion for Hearing Ex Parte."[11] The undersigned issued an order on April 12, 2022, denying all three of Mr. Velasquez's motions.[12]

After receiving those adverse rulings, Mr. Velasquez moved to disqualify the undersigned because, among other things, the undersigned has: (1) engaged in "tortious mistreatment of case

---

[4] *Id*. at 12-13 of 124.

[5] *See generally id*.

[6] ECF No. 19.

[7] ECF No. 22.

[8] ECF No. 25.

[9] ECF No. 26.

[10] ECF No. 27.

[11] ECF No. 28.

[12] ECF No. 31.

filings" and "criminal misconduct of the case";[13] (2) "fail[ed] to uphold standards of impartiality" and "demonstrate[d] an active and technical conflict of interest";[14] (3) shown a "direct posture . . . as a hostile witness" or "co-conspirator";[15] (4) "discriminate[d] against open interpretation of [Mr. Velasquez's] claims";[16] (5) "committ[ed] perjury against [Mr. Velasquez] in order to defend members of the U.S. Judiciary and shield them from civil prosecution";[17] and (6) issued rulings that are "criminally inspired . . . and intended to shock the victim of a crime."[18] Finally, Mr. Velasquez contends that the undersigned's rulings are "unnecessary, and entirely unpleasant; feel[] life-taking, excoriating, and expose[] [Mr. Velasquez] to criticisms, anxiety, and unnecessary personal liabilities."[19]

## ANALYSIS

Although not cited by Mr. Velasquez, his motion to disqualify is governed by 28 U.S.C. § 455(a). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[13] ECF No. 32 at 6 of 44.

[14] *Id*. at 7 of 44 (emphasis omitted).

[15] *Id*. (emphasis omitted).

[16] *Id*. at 13 of 44.

[17] *Id*. at 19 of 44.

[18] *Id*.

[19] *Id*. (emphasis omitted).

questioned."[20] Under § 455(a), "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[21] In considering that test, the undersigned is mindful that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[22] Additionally, it is important to note that "adverse rulings cannot in themselves form the appropriate grounds for disqualification,"[23] and section 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[24] Finally, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not sufficient grounds for disqualification under § 455(a).[25]

    Mr. Velasquez's motion fails for two reasons. First, the motion is motivated by adverse rulings from the undersigned, which is not a ground for disqualification. The content of the

---

[20] The court notes that in addition to the ground for disqualification set forth in § 455(a), there are additional grounds for disqualification under § 455(b). Because Mr. Velasquez's motion does not implicate any of the grounds listed in § 455(b), the court will not address them.

[21] Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam); see also In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

[22] Hinman, 831 F.2d at 939; see also United States v. Wells, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and [§ 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (quotations, citations, and emphasis omitted)).

[23] Wells, 873 F.3d at 1252 (quotations and citations omitted).

[24] United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

[25] Id.; see also Hinman, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

motion demonstrates that Mr. Velasquez is simply dissatisfied with the rulings he has received from the undersigned. Additionally, the timing of the motion reveals that it is motivated by adverse rulings. Indeed, Mr. Velasquez did not immediately move to disqualify when the undersigned was assigned to this case over a month ago. Instead, Mr. Velasquez waited until after receiving adverse rulings to make his motion.

Second, Mr. Velasquez's unsupported, irrational, and speculative assertions about the undersigned's impartiality are nothing more than "unsubstantiated suggestion[s] of personal bias or prejudice[, which are] insufficient to mandate recusal under section 455(a)."[26] Mr. Velasquez fails to cite to any facts or evidence that would cause a reasonable person to doubt the undersigned's impartiality.

## **CONCLUSION AND ORDER**

For the foregoing reasons, Mr. Velasquez fails to demonstrate that disqualification of the undersigned is required under § 455(a). Therefore, the court DENIES Mr. Velasquez's "Emergency Motion [for] Reassignment of the Magistrate."[27]

IT IS SO ORDERED.

DATED this 11th day of May 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988).

[27] ECF No. 32.